IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLEMENCIA GARING KIGHTLINER and EVAN GARING MENDOZA,<br><br>      Plaintiffs,<br><br>vs.<br><br>JANET NAPOLITANO, Secretary of Department of Homeland Security, and DISTRICT DIRECTOR of United States Citizenship & Immigration Services,<br><br>      Defendants. | Case No. 10-cv-0121-MJR-DGW |

<u>MEMORANDUM AND ORDER</u>

Reagan, District Judge:

  On February 12, 2010, Clemencia Kightliner and Evan Mendoza ("Plaintiffs") filed in this United States District Court a complaint against two Defendants: (1) Janet Napolitano, the Secretary of the Department of Homeland Security, and (2) "District Director of the United States Citizenship and Immigration Services (USCIS)." The latter individual is not named, simply referred to by title in Plaintiffs' complaint.

  Although the complaint appears to seek judicial review of a final decision of an administrative agency, it is captioned as a "Petition for Declaratory Judgment and Injunctive Relief" from a January 15, 2010 ruling of the Board of Immigration Appeals ("BIA"). That decision apparently declined to recognize "plaintiff's" (it is unclear which Plaintiff this refers to) marriage to a United States citizen and denied an application for permanent residency in the United States.

Plaintiffs ask the undersigned Judge to "render a declaratory judgment" finding the BIA's decision invalid, to "mandate remedial administrative action to reverse the prejudicial effect upon plaintiffs to this cause," and to "issue further injunctive relief pending the outcome of the case in order to stay removal of plaintiffs from the United States" (Doc. 2, p. 2).

Over six months has passed without action taken by Plaintiffs reflecting diligent prosecution of this case. The docket sheet reveals no service on either Defendant – Secretary Napolitano or the District Director of USCIS. No motion for preliminary injunction (or temporary restraining order) was ever filed.

Worse yet, the complaint does not plainly state the basis for subject matter jurisdiction. It alludes to Plaintiffs' *residence* in this District, fleetingly references the Administrative Procedure Act (5 U.S.C. § 701, et seq.), and cites the Declaratory Judgment Act (28 U.S.C. § 2201). The latter statute, however, does not confer federal jurisdiction. ***DeBartolo v. Healthsouth Corp.*, 569 F.3d 736, 741 (7th Cir. 2009)("The Declaratory Judgment Act ... is not an independent grant of federal subject-matter jurisdiction, so jurisdiction depends on the anticipated claims."). *Accord Medical Assur. Co., Inc. v. Hellman*, 610 F.3d 371, 377 (7th Cir. 2010)(Declaratory Judgment Act is a "procedural innovation that does not expand the jurisdiction of the federal courts.").**

Further causing concern, little was done in response to a July 12, 2010 Notice of Impending Dismissal For Want of Prosecution (Doc. 4), which clearly required service to be effected by August 2, 2010, or the case "will be dismissed by the Court." A summons

was issued by the Clerk's Office July 20, 2010 for one of two Defendants, but no further action was taken, and no extension of the August 2nd deadline was ever requested.

So the Court confronts an action over which it *may or may not* enjoy subject matter jurisdiction, as to which dismissal for want of prosecution appears merited. The Court hereby **DISMISSES the complaint without prejudice**. The Court will afford Plaintiffs a final chance to avert dismissal of the entire action with prejudice. Plaintiffs have until **August 30, 2010** in which to file a First Amended Complaint that plainly sets forth the basis for subject matter jurisdiction (and which identifies each Defendant by name).

Failure to comply with this Order by the August 30th deadline will result in dismissal of this case for lack of subject matter jurisdiction (if the jurisdictional basis is not clarified) or for want of prosecution under Federal Rule of Civil Procedure 41(b). As an alternative, Plaintiffs can – by the August 30th deadline – voluntarily dismiss this action under Rule 41(a).

IT IS SO ORDERED.

DATED August 17, 2010.

s/ *Michael J. Reagan*
Michael J. Reagan
United States District Judge