IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLEMENCIA GARING KIGHTLINER, and EVAN GARING MENDOZA, ) ) ) Plaintiffs, ) ) vs. ) ) JANET NAPOLITANO, Secretary of ) the Department of Homeland Security, ) and DISTRICT DIRECTOR of the U.S. ) CITIZENSHIP AND IMMIGRATION ) SERVICES, ) ) Defendant. ) | Case No. 10-cv-0121-MJR-DGW |

MEMORANDUM AND ORDER

REAGAN, District Judge:

      Two Plaintiffs (Clemencia Kightliner and Evan Mendoza) filed suit in this Court in February 2010 apparently seeking judicial review of a decision of the Board of Immigration Appeals which, inter alia, denied an application for permanent residency in the United States. When no action had been taken as of July 2010, the Court issued a Notice of Impending Dismissal (Doc. 4) for failure to effect service on the two named Defendants – (1) Janet Napolitano, the Secretary of the Department of Homeland Security, and (2) the District Director of the United States Citizenship and Immigration Service.

      The July 12, 2010 notice set a 21-day deadline for service to be accomplished. That deadline passed. On August 17, 2010 the Court entered an Order (Doc. 6) dismissing the complaint without prejudice and directing Plaintiffs to file a first amended complaint

by August 30, 2010 (a) identifying the basis for subject matter jurisdiction and (b) identifying each Defendant by name, if possible. Plaintiffs secured an extension of that deadline to October 5, 2010 (Doc. 8).

On October 4, 2010, Plaintiffs filed their First Amended Complaint (Doc. 9). It invokes subject matter jurisdiction under the federal question statute, 28 U.S.C. 1331, but does not identify the second named Defendant ("District Director of the United States Citizenship & Immigration Services"). At fact, the portion of the amended complaint designated as "**III. PARTIES**" confusingly refers *in the singular* to "Defendant" (Doc. 9, p. 1, ¶ 4), without even referencing the second Defendant in the lawsuit. The amended complaint also attempts to incorporate by reference allegations from the *dismissed* prior complaint: "Plaintiffs renew all of the allegations set forth in their previous complaint ... and further state ..." (Doc. 9, p. 2).

These defects are troubling but not fatal. At this point, the Court's primary concern is getting Defendants served and (assuming jurisdiction and venue are proper) getting this case moving, as it is nearly eight months old and is not yet in a posture to be tracked, assigned a trial date, or given a discovery schedule.

So, here is the current status. Plaintiffs timely filed an amended complaint, and the Court awaits an entry of appearance, answer or motion by Defendants. Federal Rule of Civil Procedure 5 governs service of amended complaints (assuming proper service of the original complaint was accomplished earlier, as suggested in Plaintiffs' August 18, 2010 motion). Of course, if the original complaint was *not* served on Defendants,

Plaintiffs must comply with the more elaborate service procedures of Rule 4.

Given the age of this case and the uncertainty as to the status of service on Defendants, the Court sets a **November 5, 2010** deadline for Plaintiffs' counsel to file a **STATUS REPORT** as to whether one or both Defendants have been served (a fact which cannot be determined on the record currently before the undersigned Judge).

One final point bears note. The certificate of service on the amended complaint states: "I hereby certify that on October 4, 2010, I electronically filed the attached Amended Petition with the Clerk of Court using the CM/ECF system which will send notification of such filing to all other parties of record in this case" (Doc. 9, p. 4). The Court **REMINDS** Plaintiffs' counsel that since *no other parties have yet entered or appeared* in this case, no other parties have been electronically furnished copies of the amended complaint via the cm/ecf system. Plaintiffs' counsel bears the responsibility of serving Defendants with the amended complaint in accord with the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED October 7, 2010.

s/ *Michael J. Reagan*
Michael J. Reagan
United States District Judge